# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Jonathan Todd <br><br> Plaintiff, <br><br> v. <br><br> B&T Financial Services, LLC <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Mecosta, MI at all times relevant to this action.

2. Defendant is a Maryland limited liability company that maintained its principal place of business in Germantown, MD at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Citibank, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around October 12, 2011, Defendant telephoned Plaintiff and left a voice message for Plaintiff's mother ("Sandra"). During this message, Plaintiff's employee Christopher Davis ("Christopher") falsely represented that he was conducting an investigation. Plaintiff took Defendant's information and passed it along to Sandra.

14. On or around October 12, 2011, Defendant's agent or employee, Christopher, telephoned Sandra in connection with the collection of the debt. During this communication, Christopher disclosed to Sandra that Defendant was collecting on behalf of Citibank. Christopher falsely represented to Sandra that there was a judgment against Plaintiff and that the sheriff would be receiving the papers to serve Plaintiff at around 4:45pm that evening.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

18. In support hereof, Plaintiff incorporates paragraph 14 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

20. In support hereof, Plaintiff incorporates paragraphs 13-14 as if specifically stated herein.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By:    /s/ Nicholas J. Prola
    Nicholas J. Prola
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  nprola@maceybankruptcylaw.com
    Attorneys for Plaintiff